BRUNOT, J.
 

 In this matter a rule nisi issued for the reason that in relators’ application it is alleged that, after the trial was closed and the case was submitted to the court for decision, the court ex proprio motu reopened the case and ordered the. defendants to have the testimony of two of the plaintiff’s nonresident witnesses taken under commission, to be filed in the record, and held up the decision of the case for fifteen days to permit the defendants to comply with its order. It is also alleged that the recital of this incident in the court minutes is erroneous, and that the,court overruled defendants’ motion to have the minutes of April 19, 1930, corrected so as to reflect the facts. Relators attach to their application a certified copy of what purports to be a true copy of the minute entry of April 19, 1930, but the record sent up in response to the rule nisi and the return of the trial judge, made upon his official oath, show that the minute entry of April 19, 1930, as it appears on the minutes of the court of that date, contains two significant and all-important words that do not appear in the certified copy thereof which was furnished to relators. We must assume that the copyist inadvertently omitted to include these words in the certified extract from the minutes which is attached to relators’ application. The record and return of the judge also show that the case was finally decided before it was possible for notice of the rule nisi issued herein to have been served upon him.
 

 The only purpose of relators’ application is to have the minute' entry of April 19, 1930, corrected and to compel the judge to decide
 
 *864
 
 tlie case on the record as made up when the case was submitted.
 

 We have found that the minute entry of April 19, 1930, is correct and that the judge has decided the case on the record as made up at the time it was submitted.
 

 It is therefore ordered that the rule nisi be recalled and vacated and that relators’ ' application be dismissed at their cost.